Michael E. Stern
Joseph R. Federici
**RUBIN, FIORELLA, FRIEDMAN
& MERCANTE LLP**
630 Third Avenue, 3rd Floor
New York, NY 10017
Phone: 212-953-2381
Fax:    212-953-2462
*Attorneys for Plaintiff*
*INDEMNITY INSURANCE COMPANY*
*OF NORTH AMERICA*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INDEMNITY INSURANCE COMPANY          Civil Action No. 20-CV-1765
OF NORTH AMERICA A/S/O BAKER
HUGHES CO.,                          **COMPLAINT**

            Plaintiff,

        vs.

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC., and MAERSK
LINE LIMITED,

           Defendants.
-----------------------------------------------------------X

Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("IINA"), as subrogee of BAKER HUGHES CO., by and through its attorneys, RUBIN, FIORELLA, FRIEDMAN & FRIEDMAN LLP, as and for its complaint against defendants EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. (hereinafter "EXPEDITORS") and MAERSK LINE LIMITED (hereinafter "MAERSK") alleges upon information and belief, as follows:

## INTRODUCTION

1. This case arises from the failure of EXPEDITORS and MAERSK to deliver in good actual order a shipment of commercial oilfield equipment (the "Shipment") via international carriage by sea under Bill of Lading 6591006644.

## THE PARTIES

2. At all times hereinafter mentioned, plaintiff IINA was and now is a corporation or other business entity organized and existing by virtue of the laws of the Commonwealth of Pennsylvania, with an office and principal place of business at 436 Walnut Street, Philadelphia, PA 19106.

3. IINA is the insurer of the Shipment at issue herein, and brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the Shipment, as their respective interests may ultimately appear, and IINA is entitled to maintain this action.

4. At all times hereinafter mentioned, defendant EXPEDITORS was and still is a corporation or other business entity organized and existing by virtue of the laws of the State of Washington, with offices at 1015 Third Avenue, 12th Floor, Seattle, Washington 98104.

5. EXPEDITORS was and still is doing business within the jurisdiction of this Honorable Court as a non-vessel operating common carrier and/or bailee of merchandise that provides logistics, freight and shipping services to its customers.

6. At all times hereinafter mentioned, defendant, MAERSK was and now is a corporation or other business entity organized and existing by virtue of the laws of the United States, with an office and principal place of business at 2510 Walmer Ave, Suite C, Norfolk, VA

23513, and was and is still doing business within the jurisdiction of this Honorable Court as a common carrier and/or bailee of merchandise for hire in interstate and international commerce.

7. MAERSK was and still is doing business within the jurisdiction of this Honorable Court as a common carrier and/or bailee of merchandise that provides logistics, freight and shipping services to its customers.

## JURISDICTION

8. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, by virtue of the diversity of the citizenship of the parties hereto, with the amount in controversy exceeding the sum of $75,000.

9. That this is an admiralty and maritime dispute within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Court's admiralty jurisdiction pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333.

10. This case is governed by the laws of the United Arab Emirates, a foreign jurisdiction.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT OF CARRIAGE

(Against Both Defendants)

11. Plaintiff IINA incorporates by reference the allegations contained paragraphs 1 through 10 above, as if fully stated herein.

12. On or about December 24, 2018, BAKER HUGHES CO. delivered to the defendants, for good and valuable consideration, the Shipment, in good order and condition and suitable in every respect for the intended transit for which defendants received, accepted and

agreed to transport by sea, by its employees, agents or servants, from Brazil to the United Arab Emirates ("UAE)".

13. After delivery, BAKER HUGHES CO. observed that the Shipment was damaged beyond repair.

14. By reason of the premises, the defendants breached, failed and violated the contract of carriage and their duties and obligations as common carriers.

15. IINA has duly performed all duties and obligations on its part to be performed.

16. By reason of the premises, IINA has sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount of $604,713.

## SECOND CAUSE OF ACTION: BREACH OF BAILMENT OBLIGATIONS

(Against Both Defendants)

17. Plaintiff IINA incorporates by reference the allegations contained paragraphs 1 through 16 above, as if fully stated herein.

18. Defendants were acting as bailees of the Shipment at the time it was damaged.

19. Defendants, by themselves or through their contractors, agents, servants or sub-bailees, had a legal duty to deliver the Shipment in good order and perform their services in a proper and workmanlike manner.

20. Defendants breached those bailment obligations by failing to properly transport and deliver the shipment in as good condition as when entrusted to them.

21. By reason of the premises, IINA has sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount of $604,713.

## THIRD CAUSE OF ACTION: NEGLIGENCE

(Against Both Defendants)

22. IINA incorporates by reference the allegations contained paragraphs 1 through 21 above, as if fully stated herein.

23. Defendants, as common carriers, had a duty to transport and deliver the Shipment in as good order and condition as when entrusted to them.

24. Defendants breached this duty by negligently failing to transport and deliver the Shipment in as good condition as when entrusted to them.

25. By reason of the premises, IINA has sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount of $604,713.

**WHEREFORE**, plaintiff INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, respectfully requests that judgment be entered in its favor, jointly and severally against:

  a. EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. in the amount of $604,713, with interest (pre and post-judgment), attorney fees and the costs and disbursements of this action;

  b. MAERSK LINE LIMITED in the amount of $604,713, with interest (pre and post-judgment), attorney fees and the costs and disbursements of this action; and

  c. For such other, additional, and further relief the Court deems just and equitable.

Dated: February 28, 2020
       New York, New York

Respectfully submitted,

By: *Michael E. Stern*
    Michael E. Stern
    Joseph R. Federici

**RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP**
630 Third Avenue
New York, NY 10017
Phone: 212-953-2381
Fax: 212-953-2462
File No.: 0767.41404