UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
INDEMNITY INSURANCE COMPANY OF  :
NORTH AMERICA A/S/O BAKER HUGHES :
CO.,                            :    **ORDER GRANTING PARTIAL**
                                :    **SUMMARY JUDGMENT**
      Plaintiff,    :    **LIMITING LIABILITY**
                                :
   v.                      :    20 Civ. 1765 (AKH)
                                :
EXPEDITORS INTERNATIONAL OF     :
WASHINGTON, INC.,               :
                                :
      Defendant/Third-Party :
      Plaintiff,    :
                                :
   v.                      :
                                :
CMA CGM, S.A., a French Corporation, :
                                :
      Third-Party Defendant. :
                                :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    In February 2020, Plaintiff brought this action in admiralty against Defendant to recover damages to shipment in international ocean transit. *See* Compl. (ECF No. 1). Defendant now moves for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure to enforce contractual limitation-of-liability clauses. *See* ECF No. 26. For the reasons discussed below, Defendant's motion is granted.

## BACKGROUND

    This case arose from a shipment of oilfield equipment ("Shipment") between Brazil and United Arab Emirates ("UAE"). *See* Compl., at ¶ 12. Defendant Expeditors International of Washington, Inc. ("Expeditors") carried the Shipment aboard a vessel owned by Third-Party Defendant CMA CGM, S.A. ("CMA"). *See* Statement of Undisputed Fact ("SOF")

(ECF No. 35), at ¶ 2–3.  Plaintiff Indemnity Insurance Company of North America ("Indemnity") is the Shipment's insurer and is now suing on behalf of the Shipment's consignee, non-party Baker Hughes Co. ("Baker Hughes").  *See id.* at ¶ 1.  On December 24, 2018, Expeditors issued to Baker Hughes bill of lading No. 6591006644 ("Bill of Lading") for cargo consisted of "16 PCS" of "OIL DRILLING EQUIPMENT."  *See id.* at ¶ 4.  The Bill of Lading also incorporates by reference Terms and Conditions that limit Expeditors' liability to "US$500 per Shipping Unit."  Bill of Lading (ECF No. 29, Ex. 2), at § 6(a)(iii).  The Terms and Conditions offer the shipper an opportunity to opt out of the limitation-of-liability clause by declaring the value of its cargo on a bill of lading, which would result in higher freight charges.  *See id.* at § 6(b).  Baker Hughes left blank the space on the Bill of Lading where the Shipment's value may be declared.  *See* SOF, at ¶ 7.  Indemnity alleges that "after delivery, [Baker Hughes] observed that the Shipment was damaged beyond repair."  Compl., at ¶ 13.  Indemnity brought this action in admiralty against Expeditors under 28 U.S.C. § 1333, demanding damage in the amount of $604,713.00.  *See id.* at ¶ 16.  Indemnity based its claim on a master service contract ("Master Service Contract") between Expeditors and General Electric Company, which was purportedly Baker Hughes' parent company at all relevant times.  *See* Opp'n Br., at 4 n.1.  Importantly, like the Bill of Lading, the Master Service Contract limits Expeditors' liability to "$500 USD per package or customary shipping unit."  *See* Master Service Contract (ECF No. 30, Ex. 1), at § 2.10.

On December 11, 2020, Expeditors filed the instant motion for partial summary judgment to limit its liability under the Bill of Lading and/or the Master Service Contract.  *See* ECF No. 26.  Specifically, Expeditors seeks an order declaring that: (i) Expeditors' liability to Indemnity, if any, is limited by contract to $500.00 per package of damaged cargo; (ii) at most

three packages of cargo were damaged during the Shipment; and (iii) accordingly, Expeditors' liability to Indemnity, if any, is limited to $1,500.00.  *See* Def. Br., at 2.  In its opposition brief, Indemnity does not contest the number of packages that were damaged; it argues instead that UAE law, which requires a higher limitation of liability than $500.00 per package, is "compulsorily applicable."  Opp'n Br., at 7.[1]  As discussed in the following sections, Expeditors' motion is granted.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  Summary judgment or partial summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of pointing out evidence in the record, "which it believes demonstrate[s] the absence of a genuine issue of material fact . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may support an assertion that there is no genuine dispute of any material fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  If the movant fulfills its preliminary burden, the onus shifts to the non-movant to raise the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

---

[1] Expeditors shows that "[a] survey conducted by O.F. Gollcher & Sons, Ltd. demonstrates that three pieces of the 16-piece cargo complex were damaged in transit as a result of bad weather."  SOF, at ¶ 4.  Indemnity does not contest this factual allegation in its opposition brief and offers no evidence that would raise a genuine factual dispute.

Courts must "draw all rational inferences in the non-movant's favor" while reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. Summary judgment should not be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in opposition to a motion for summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions," will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that non-movants "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (stating that non-movants "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))).

## DISCUSSION

Expeditors moves for partial summary judgment ruling that: (i) Expeditors' liability to Indemnity, if any, is limited by contract to $500.00 per package of damaged cargo; (ii) at most three packages of cargo were damaged; and (iii) accordingly, Expeditors' liability to Indemnity, if any, is limited to $1,500.00. *See* Def. Br., at 2. Because Indemnity does not contest the number of packages that were damaged, the Court confines its discussion to the issue of limitation of liability.

**I.        Choice of Law.**

The Court must first determine what law to apply.  In assessing a choice-of-law issue, the Court is guided by the background principle that "when parties properly invoke admiralty jurisdiction, courts apply federal maritime choice-of-law rules."  *Blue Whale Corp. v. Grand China Shipping Dev. Co.*, 722 F.3d 488, 498 (2d Cir.2013).  Under federal maritime law, "choice-of-law clauses are presumptively valid where the underlying transaction is fundamentally international in character."  *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362 (2d Cir. 1993) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)); *see also State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 417 (2d Cir.1990) (stating in the maritime context that "a contractual choice-of-law clause generally takes precedence over choice-of-law rules").  A strong preference for upholding choice-of-law clauses in such cases is necessary, because "agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting."  *Bremen*, 407 U.S. at 13–14.  Such provisions "eliminate uncertainty in international commerce and insure that the parties are not unexpectedly subjected to hostile forums and laws."  *Roby*, 996 F.2d at 1363.  Indeed, "when a maritime contract contains a choice-of-law clause, the law chosen by the parties governs, unless (1) that jurisdiction has no substantial relationship to the parties or the transaction or (2) that jurisdiction's law conflicts with the fundamental purposes of maritime law."  *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 127 (S.D.N.Y. 1997) (internal quotation marks and citations omitted), *aff'd sub nom. Farrell Lines Inc. v. Ceres Terminals Inc.*, 161 F.3d 115 (2d Cir. 1998).

There are two contracts that are potentially governing in this case, the Bill of Lading and the Master Service Contract.[2]  The Court, however, need not decide which is the sole governing contract to resolve the instant motion, as both contracts provide that the U.S. law governs[3] and Expeditors' liability is limited to $500.00 per package.[4]  Indemnity does not argue that either of the *Farrell* exceptions applies here.  Rather, Indemnity argues that UAE law, which requires a higher limitation of liability than $500.00 per package, is "compulsorily applicable." Opp'n Br., at 7.  Although Indemnity recognizes the applicability of UAE law as the "linchpin" issue in this motion, Indemnity offers no reasoning and cites no authority for its proposition. *Id.* The bulk of Indemnity's opposition brief and the supplemental opinion from Messrs. Clyde & Co.'s UAE office examines the *effect* of UAE law *if it applies*; UAE law's *applicability*, however, is never discussed.  In light of federal maritime law's strong preference for enforcing choice-of-law clauses between international parties, the Court applies the parties' selected law to

---

[2]  Indemnity asserts that the shipment at issue was transported under the Master Service Contract, although it concedes that Baker Hughes "was not a named party" thereto.  Opp'n Br., at 4 n.1.  Expeditors argues that the Bill of Lading should constitute the governing contract instead, because it was issued by Expeditors directly to Baker Hughes, concerning the shipment in question.  *See* Def. Br., at 4–5.

[3]  Section 27(a) of the Terms & Conditions, incorporated by reference into the Bill of Lading, provides that Washington state and U.S. federal law govern any dispute between the parties.  *See* Terms and Conditions, at § 27(a) ("This Bill of Lading shall be governed by and construed in accordance with the internal Laws of the State of Washington (excluding its Laws relating to conflicts of law), except as the same may be governed by the federal Law of the United States.").  Section 18.3 of the Master Service Contract provides that New York state and U.S. federal law applies to any disputes arising out of the Master Service Contract.  *See* Master Service Contract, at § 18.3 ("[T]he laws of the United States, including the Shipping Act of 1984 and rules of the Federal Maritime Commission, except that if resort to state law is required, the laws of the State of New York shall govern, without regard to any choice of law principles that would dictate the application of the law of another jurisdiction.").

[4]  Section 6 of the Terms and Conditions provides that "[Expeditors'] liability shall not exceed US$500 per Shipping Unit or US$2 per kilo of the gross weight of the Goods lost, damaged, or in respect of which the claim arises, or the value of such Goods, whichever is less."  Terms and Conditions, at § 6(a)(iii).  Similarly, Section 2.10 of the Master Service Contract states that "[Expeditors'] liability for loss or damage to goods transported in international ocean carriage of [Expeditors] shall be limited to $500 USD per package or customary shipping unit."  Master Service Contract, at § 2.10.

determine the limitation-of-liability issues. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 815–16 (1985) (finding that failure to argue in an opposition brief is a waiver of argument).

**II.        Limitation-of-Liability Clauses.**

The Court concludes that the limitation-of-liability clauses in both the Bill of Lading and the Master Service Contract are enforceable under the law selected, namely, federal, New York, and Washington law.[5]  Contract provisions limiting remedies are presumptively enforceable under federal, New York, and Washington law unless they are unconscionable.[6] Generally, "a contract is unconscionable when it is so grossly unreasonable or unconscionable in light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." *Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 121 (2d Cir. 2010) (citation omitted).  "[The doctrine of unconscionability] has little applicability in a commercial setting, and is intended primarily to protect the 'commercially illiterate consumer beguiled into a grossly unfair bargain by a deceptive vendor or finance company.'" *In re CBGB Holdings, LLC*, 439 B.R. 551, 560 (Bankr. S.D.N.Y. 2010) (quoting *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 344 N.E.2d 391, 396 (N.Y. 1976)).  Both Baker Hughes and Expeditors

---

[5] Indemnity's opposition brief is also silent on this point.  *See generally* Opp'n Br.

[6] Under federal law, [l]imitation of liability clauses in maritime contracts are similarly upheld whether under state law or maritime law as long as there is no great disparity in bargaining power between the parties.  It is notable that unlike liquidated damage provisions in contracts, limitation of liability clauses may be enforced without regard to whether the limitation is a reasonable estimate of the probable damages." § 5:14. Marine service contracts, 1 Admiralty & Mar. Law § 5:14 (6th ed.).  Under New York law, "[c]ontract provisions limiting remedies are enforceable unless they are unconscionable." *Biotronik A.G. v. Conor Medsystems Ireland, Ltd*., 11 N.E.3d 676, 679 n.4 (2014).  Thus, "New York courts have routinely enforced liability-limitation provisions when contracted by sophisticated parties, recognizing such clauses as a means of allocating economic risk in the event that a contract is not fully performed." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 138 (2d Cir. 2016).  Similarly, "[u]nder Washington law, parties may limit their liability for breach of contract and the interpretation of such clauses is a matter of law." *Cypress Ins. Co. v. SK Hynix Am., Inc*., 365 F. Supp. 3d 1142, 1155 (W.D. Wash. 2019) (citing *Am. Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wash.2d 217, 797 P.2d 477, 481 (1990)). "[E]xclusionary clauses . . . are valid and should be enforced unless they are unconscionable." *Washington Pub. Power Supply Sys. v. Gen. Elec. Co*., No. 85-098-AAM, 1989 WL 306200, at *4 (E.D. Wash. Nov. 6, 1989).

are sophisticated businesses engaging in international commerce, and Indemnity does not assert any disparity in bargaining power between the parties. Expeditors also offered Baker Hughes an opportunity to opt out of the limitation-of-liability clauses by declaring the value of its cargo on the Bill of Lading. Baker Hughes accepted the limitation-of-liability clauses by leaving blank the space on the Bill of Lading where value may be declared. Without any indication of unconscionability in the record, the Court finds that the limitation-of-liability clauses in the Bill of Lading and the Master Service Contract are presumptively enforceable under federal, New York, and Washington law. Because both the Bill of Lading and the Master Service Contract limit Expeditors' liability to $500.00 per package, and Indemnity concedes that, at most, three packages of cargo were damaged, Expeditors' liability to Indemnity is capped at $1,500.00 as a matter of law.

## CONCLUSION

For the foregoing reasons, Expeditors' motion for partial summary judgment to limit liability to $500.00 per package, for three packages allegedly damaged, or $1500.00, is granted. The Clerk of Court shall terminate the open motion (ECF No. 26). The oral argument scheduled for April 13, 2021, is canceled. A status conference will be scheduled to determine further proceedings.

SO ORDERED.

Dated:      April 12, 2021                        _____/s/_____
            New York, New York                    ALVIN K. HELLERSTEIN
                                                  United States District Judge